UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| DAMON J. FIELDS | CIVIL ACTION NO. 09-4276 |
| VERSUS | JUDGE DONALD E. WALTER |
| CITY OF NEW ORLEANS, ET AL. | MAG. JUDGE WILKINSON |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment[1] [Doc. #55] filed on behalf of Defendants, the City of New Orleans and Warren J. Riley [the "City Defendants"], pursuant to Federal Rule of Civil Procedure 56. An untimely motion for extension of time to file an opposition to Defendants' motion for summary judgment [Doc. #58] was filed on behalf of Plaintiff, Damon J. Fields. Thus, the motion for summary judgment is deemed unopposed.[2] For the reasons assigned herein, the Motion for Summary Judgment [Doc. #55] is **GRANTED** and the motion for extension of time [Doc. #58] is hereby **MOOT**.

---

[1] Defendants initially filed a motion for summary judgment on August 19, 2010. [Doc. #17]. That motion was granted [Doc. #18], but after reconsideration, the Court vacated that decision and ultimately granted in part and denied in part the City Defendants' motion for summary judgment. [Doc. #27]. However, the motion was only partially denied so that limited discovery could be conducted on the issues of the identities of involved police officers, qualified immunity and municipal liability. [Doc. #27]. The partial denial was ordered, explicitly without prejudice to the City Defendants to re-urge said motion at a later date, which brings the instant motion to this Court.

[2] Counsel for plaintiff left a telephonic voice message in chambers on the date that his opposition was due, stating that he intended to file a motion for extension of time. However, this Court does not find counsel's efforts to be worthy of consideration. Not only is a phone call insufficient, counsel failed to electronically file his motion until 7 days later. [Doc. #58]. In accordance with the discretion vested in this Court, and considering counsel's noted pattern of continuing contumacious conduct in failing to comply with this Court's orders, the City Defendants' motion for summary judgment is deemed unopposed.

## SUMMARY OF UNCONTESTED FACTS

On or about July 5, 2008, two police officers for the City of New Orleans observed Plaintiff Damon Fields sitting on the porch of 2408 Palmyra. The officers approached Plaintiff to conduct a field interview. At that time, Plaintiff was detained in the interest of safety. At some point, Plaintiff began to resist the officers and in doing so, dropped a bag of marijuana on the ground. After some struggle between the Plaintiff and the two officers, Plaintiff was eventually pepper sprayed in the eyes by the two officers. Eventually, Plaintiff broke free of the officers' grip and fled on foot down Palmyra. One of the two officers pursued Plaintiff but did not succeed in catching him. Thereafter, several NOPD units arrived on scene. Plaintiff was immediately apprehended and taken to LSU Hospital before being taken to Central Lock Up. Based on the foregoing events, Plaintiff was arrested for resisting an officer, flight from an officer, possession of marijuana, criminal trespass, and battery on a police officer.[3]

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict

---

[3] Doc. # 17-2, as incorporated into Doc. #55-1.

[4] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this court will rely on it accordingly.

for either party. *Id.* The court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325; *Lawrence*, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine dispute as to a material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a separate and concise statement of the material facts as to which it contends there is no genuine issue presented. Local Rule 56.2 requires that a party opposing the motion for summary judgment include a "separate and concise statement of the material facts which the opponent contends present a genuine issue." All material facts set forth in the statement required to be served by the moving party "will be

deemed admitted, for purposes of the motion, unless controverted in the opponent's statement." Local Rule 56.2.

## DISCUSSION

Plaintiff, Damon J. Fields, has filed suit against the City of New Orleans and former NOPD superintendent Warren J. Riley, alleging civil rights violations pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, Article I § 5 of the Louisiana Constitution, and Articles 2315 and 2316 of the Louisiana Civil Code. [Doc. #1]. Plaintiff seeks an award of compensatory and punitive damages, based on allegations of both physical injury and mental pain and suffering as a result of the above-described events. [Doc. #1]. The only remaining claims in this lawsuit, and those at issue in this motion, are Plaintiff's claims against the City of New Orleans and former NOPD superintendent Warren J. Riley in his official capacity. [See Doc. ## 27, 55].

Local Rule 7.5 requires that "[e]ach party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date. If the opposition requires consideration of facts not in the record, counsel must also file and serve all evidence submitted in opposition to the motion with the memorandum." The motion for summary judgment, leave for which to file was filed November 14, 2011 [Doc. #52], was originally set for hearing on December 7, 2011. However, because the actual motion was not docketed until December 9, 2011, the Court allowed Plaintiff's counsel a window of twenty-one (21) days within which to file any opposition thereto. Opposition was therefore due by close of business on December 30, 2011. [Doc. #56]. No memorandum in opposition has been submitted, and this motion is deemed unopposed.[5]

Plaintiff, Damon Fields, would have borne the burden of proof at trial. Therefore, at

---

[5] See FN 2, supra.

summary judgment he is required to "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). In failing to file any substantive response to the City Defendants' motion, Fields has failed to meet his burden to overcome summary judgment. Although a district court may not grant summary judgment merely because it is unopposed, this Court's independent review of the record reveals that there are no genuine disputes as to any material facts. *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985).

In *Monell*, the Supreme Court held that a local government is liable under § 1983 for its policies that cause constitutional torts. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). "A plaintiff must identify: (1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010) (internal quotation marks and citation omitted). In his complaint, Plaintiff alleges that the City Defendants' action or inaction, through which Plaintiff's civil rights were violated, was pursuant to an official policy of the New Orleans Police Department.[6] However, beyond that conclusory statement, Plaintiff has wholly failed to allege facts sufficient to support a cognizable *Monell* claim.

"[E]ach and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff, and it must be determined whether each one is facially constitutional or unconstitutional." *Piotrowski v. City of Houston*, 237 F.3d 567, 579-580 (5th

---

[6] Doc. #1, ¶¶ 4, 7, 15.

Cir. 2001). The "official policy" requirement may be met in at least three different ways. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 471 (5th Cir. 1999) (internal citations omitted). First, the appropriate officer or entity may promulgate a generally applicable statement of policy, of which the subsequent act complained of is simply an implementation. *Id.* Second, there may be no "official policy" announced, but the action of the policymaker itself violated a constitutional right. *Id.* And third, the policymaker may fail to act affirmatively to control its agents where the need to do so "is so obvious, and the inadequacy [of existing practice] so likely to result in the violation of constitutional rights, that the policymake[r] ... can reasonably be said to have been deliberately indifferent to the need." *Id.* (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989)).

Fields has not alleged any specific policy, either explicitly promulgated or implicitly supported by the action or inaction of the NOPD, which provided a foundation for the City Defendants' violation of Plaintiff's civil rights. At best, Plaintiff's only effort to identify a custom or policy is the unsubstantiated assertion that Defendant Riley failed to take action after repeated complaints with identical facts and circumstances to those before this Court.[7] However, "unsubstantiated assertions are not competent summary judgment evidence," and it is not the duty of this Court to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (internal citations omitted).

Accordingly, this Court finds that Plaintiff has failed to meet even the primary, threshold requirement to set forth a *Monell* claim. The record is completely devoid of evidence that the City Defendants violated Plaintiff's rights pursuant to an unconstitutional policy or custom.

---

[7] Doc. #1, ¶ 15.

Thus, it necessarily follows that Plaintiff's complaint also fails to meet *Monell*'s "moving force" requirement. 436 U.S. at 694; *see also Valle*, 613 F.3d at 542. *Monell* requires at least an affirmative link between the complained-of policy, or inaction in the case of failure to train or supervise, and the particular constitutional injury alleged. *See Doe v. Rains County Independent School Dist.*, 66 F.3d 1402, 1409 (5th Cir. 1995). Plaintiff has likewise failed to allege facts sufficient to support a claim for negligence on behalf of the officers involved, much less the requisite showing of deliberate indifference. *Piotrowski*, 237 F.3d at 579 (quoting *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 407 (1997)).

In his complaint, Plaintiff further alleges that the City of New Orleans failed to adequately train its officers and "provide proper and adequate discipline."[8] The standard applicable to a failure-to-train claim is the same as the standard for municipal liability, discussed above. *See Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir.2005). Each theory of liability, both failure to promulgate policy and failure to train or supervise, requires that the defendant have acted with deliberate indifference to the policy's known or obvious consequences. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Snyder v. Trepagnier*, 142 F.3d 791, 795 (5th Cir. 1998). A showing of simple or even heightened negligence will not suffice as deliberate indifference. *Brown*, 520 U.S. at 407. Because the two standards are the same, Plaintiff's *Monell* claim for failure to train or supervise must fail for the same reasons discussed above.

In sum, the record is devoid of competent evidence, and Plaintiff has wholly failed to convince this Court that any cognizable claim exists under either theory. Furthermore, the City Defendants invoked the "immunity afforded to public officials for acts committed during the

---

[8] Doc. #1, ¶ 15.

course of their official duties."[9] When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir.2002) (en banc) (citation omitted). "A public official is entitled to qualified immunity unless the plaintiff demonstrates that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011) (citing *Freeman v. Gore*, 483 F.3d 404, 410–11 (5th Cir.2007)). Plaintiff has failed to rebut, and the record does not contradict, the City Defendants' invocation of their right qualified immunity.

## CONCLUSION

For the reasons assigned herein, Defendants' motion for summary judgment is **GRANTED** and Plaintiff's motion for extension of time to file an opposition thereto is hereby **MOOT**.

It is **SO ORDERED**, in Shreveport, Louisiana, this 11 day of January, 2012.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[9] Doc. #6, page 5.